UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SHERMAN COMBS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:16CV9 RLW |
| ) | |
| LIETENANT UNKNOWN STEVENS, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $1.00. *See* 28 U.S.C. § 1915(b). Additionally, this action is dismissed.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff is confined in the Cape Girardeau County Jail (the "Jail"). He brings this action against Lieutenant Unknown Stevens, Captain Unknown Mulcahy, and the Jail.

Plaintiff alleges that on December 21, 2015, he requested a free phone call from defendants Stevens and Mulcahy "because of a medical emergency." Plaintiff does not state what the medical emergency was, and he does not claim he was injured as a result of the denial of his request.

On December 24, 2015, plaintiff requested another free call because a nurse did not take his blood pressure after he complained of a severe headache. Plaintiff says Mulcahy "was made aware of this issue."

Plaintiff says he filed a grievance on December 24, 2015, because Stevens refused to give him a certified copy of his inmate account statement. He says he filed another grievance on that day because "Cape Girardeau County Jail Administration" failed to provide him with adequate nutrition and he lost twenty-one pounds.

Defendant Stevens denied the grievance, and on December 29, 2015, plaintiff filed a grievance appeal. Plaintiff claims that Mulcahy did not respond to the grievance appeal within the time allowed for under the Jail's policies.

Plaintiff alleges that Jail Administration Staff withheld mail from his family for two weeks before providing it to him.

On January 7, 2016, plaintiff filed another grievance appeal to Mulcahy, and he says Mulcahy has not responded. Plaintiff filed this action on January 11, 2016.

## Discussion

Plaintiff's claim against the Jail is legally frivolous because the Jail cannot be sued. *Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *Vaughn v. Greene County*, 438 F.3d 845, 850 (8th Cir. 2006) ("Although this court has yet to establish a clear standard [for medical mistreatment] for pretrial detainees, we repeatedly have applied the same 'deliberate indifference' standard as is applied to Eighth Amendment claims made by convicted inmates."); *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004) (applying the Eighth Amendment deliberate indifference analysis to a pretrial detainee's Fourteenth Amendment claim); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (Eighth Amendment); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995) (same). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle*, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. *Vaughn*, 438 F.3d at 850.

Plaintiff has failed to show that he suffered from any objective serious medical needs or that Stevens or Mulcahy were deliberately indifferent to those needs. His allegation that he suffered from a "medical emergency" is wholly conclusory and fails to allege any facts, which if proved, would entitle him to relief. Similarly, his claim that he told Mulcahy that a nurse did not check his blood pressure when he had a severe headache does not show that he suffered from an objectively serious medical need. *Cambreros*, 73 F.3d at 176 ("A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even

3

a layperson would easily recognize the necessity for a doctor's attention."). Therefore, to the extent that plaintiff is attempting to bring a deliberate indifference claim, the claim fails as a matter of law.

Plaintiff's claim that he was denied free phone calls does not state a plausible claim under § 1983 because inmates do not have a constitutional right to free phone calls. Additionally, inmates do not have a constitutional right to copies of their

Plaintiff's claims that Stevens and Mulcahy either denied or were unresponsive to his grievances does not state a claim upon which relief can be granted. *See George v. Smith*, 507 F. 3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the [constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). In the instant action, plaintiff has not set forth any facts indicating that Stevens or Mulcahy were directly involved in or personally responsible for his inadequate nutrition or for the withholding of his mail. As a result, these claims are not plausible under § 1983.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 27th day of January, 2016.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE